IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EDIBERTO RIVERA-DONATE**,
    Petitioner,

        v.

**UNITED STATES OF AMERICA**,
    Respondent.

**CIVIL NO. 13-1497(PG)**
**RELATED CRIM. 05-0417(PG)**

## **OPINION & ORDER**

Before the Court is Petitioner's 28 U.S.C. §2255 Habeas Corpus Petition (D.E.1)[1]. Respondent filed a Response to the Petition (D.E.5). Petitioner filed a Reply to the Government's Response (D.E. 6). For the reasons discussed below, the Court finds the Petition shall be **DENIED** and the request for evidentiary hearing is also **DENIED**.

## **I. BACKGROUND**

On December 1, 2005, Petitioner, Ediberto Rivera-Donate (hereinafter "Petitioner" or "Rivera-Donate") along with forty one (41) additional co-defendants, was indicted in a five (5) count Indictment by a Federal Grand Jury. See Crim. D.E. 2 of Case No. 05-417(PG)[2]. Rivera-Donate was charged in Counts One (1) and Three (3) through Five (5) for distribution of controlled substances, among related charges.

On June 12, 2006, Petitioner's retained counsel, Jorge Armenteros, filed a Notice of Appearance. See Crim. D.E. 372. On March 3, 2008, after fifteen (15) days of trial the jury found Rivera-Donate guilty as to Count One (1) of the Indictment. See Crim. D.E. 1381.

On March 27, 2008, Petitioner filed a Motion Under Rule 29 and

---

[1] D.E. is an abbreviation of docket entry number.

[2] Crim.D.E. is an abbreviation of criminal docket entry.

Civil No. 13-1497(PG)                                                  Page 2

for a New Trial[3]. See Crim. D.E. 1405.  On April 7, 2008, the government filed its Response in Opposition to the Motion. See Crim. D.E. 1410. On October 8, 2008, the Court issued an order denying Petitioner's Motion Under Rule 29. See Crim. D.E. 1552.

On October 10, 2008, Rivera-Donate's Sentencing Hearing was held.  After lengthy arguments by both Petitioner's counsel and the prosecutor, on October 10, 2008, the Court imposed a sentence of a term of imprisonment of life as to Count One (1) of the Indictment[4]. See Crim. D.E. 1560. On October 16, 2008, Petitioner filed a Notice of Appeal. See Crim. D.E. 1561. Judgment was entered on October 20, 2008. See Crim. D.E. 1566. An Amended Judgment followed on November 12, 2008. See Crim. D.E. 1573.[5]

On June 7, 2012, the First Circuit Court of Appeals issued its opinion and order affirming Rivera-Donate's conviction and sentence. United States v. Rivera-Donate, 682 F.3d 120 (1st Cir. 2012). Petitioner's conviction became final on September 5, 2012.

On June 5, 2013, Rivera-Donate signed his §2255 petition. The same was docketed on June 24, 2013. See Docket No. 2.  As such Rivera-Donate's Petition for Relief Pursuant to §2255 is timely.

## II. STANDARD

The standard for an ineffective assistance of counsel claim is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. Strickland v. Washington, 466 U.S. 668 (1984); Lema v. United States, 987 F.2d 48 (1st Cir. 1993). In order to succeed in a claim of ineffective assistance of counsel Rivera-Donate must show: (1) that counsel's representation fell below an

---

[3] In said motion counsel alleged that there were multiple conspiracies and that the evidence showed Petitioner was a member of a separate organization.  In addition, defendant claimed that overt act #27, the murder of Luis Torres Acevedo, was inadmissible. See Crim. D.E. 1405 at p. 2.

[4] The Court dismissed remaining Counts Three (3), Four (4) and Five (5). See Crim. D.E. 1560.

[5] The Judgment was only amended to include the nature of the offense. Rivera-Donate's term of incarceration of life remained in place. See Crim. D.E. 1573.

objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Argencourt v. United States, 78 F.3d 14 (1st Cir. 1996), Darden v. Wainwright, 477 U.S. 168 (1986), Lockhart v. Fretwell, 506 U.S. 364 (1993).

Petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. Argencourt, 78 F.3d at 16; Lema, 987 F.2d at 51. Even more so under the *Strickland* standard, "only where, given facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." United States v. Rodriguez, 675 F.3d 48, 56 (1st Cir. 2012), (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010)).

In order to successfully satisfy the first prong of the *Strickland* test petitioner must show that "in light of all the circumstances, the identified acts or omissions [allegedly made by his counsel] were outside the wide range of professionally competent assistance." Tejada v. Dubois, 142 F.3d 18, 22 (1st Cir. 1998) (citing Strickland, 466 US. at 690). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Smullen v. United States, 94 F.3d 20, 23 (1st Cir. 1996) (citing Strickland, 466 U.S. at 689).

The second prong of the *Strickland* test, the element of prejudice, also sets the bar high. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." Argencourt, 78 F.3d at 16 (citing Strickland, 466 U.S. at 691). Petitioner must "prove that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different." Knight v. United States, 37 F.3d 769, 774 (1st Cir.1994) (citing Strickland, 466 U.S. at 687).

### III. DISCUSSION

In his §2255 Petition and Memorandum in Support of, Rivera-Donate raises the following allegations of ineffective assistance of

counsel[6]:

> (1) Trial Counsel rendered ineffective assistance of counsel by giving petitioner erroneous legal advice in connection with his sentencing exposure and whether to accept the government's plea offer.
>
> (2) Appellate counsel rendered ineffective assistance of counsel for failing to raise a non-frivolous claim that the district court committed legal error at sentencing.
>
> (3) Either trial and/or appellate counsel rendered ineffective assistance either for failing to ensure jurors were properly instructed on multiple conspiracies and/or for failing to make a non-frivolous claim on appeal that the district court committed reversible error by not properly instructing jurors on multiple conspiracies.

Finally Rivera-Donate requested an evidentiary hearing to discuss these claims.

### A.   Ineffective Assistance of Counsel regarding sentencing exposure and plea discussions

Rivera-Donate's first allegation of ineffective assistance of counsel relates to his rejection of a plea offer tendered by the government.

Petitioner alleges that the government offered him a plea deal by which he would face a sentencing exposure of approximately twelve (12) years of incarceration. Rivera-Donate states that his counsel advised him that the murder of Luis Torres Acevedo could not be applied to him nor used at sentencing because it was part of a separate conspiracy not charged in the indictment. Petitioner stated that counsel further advised him that if he went to trial and was found guilty his sentencing exposure would be equivalent to what the government was offering as a plea deal. See D.E. 1-1 at p. 4.

In addition, Rivera-Donate alleged that counsel further advised

---

[6] In his pleadings, Rivera-Donate makes a distinction between his trial counsel and his appellate counsel as if they were different individuals. The record reflects that Petitioner's counsel during trial as well as the appeal process was the same, attorney Jorge Armenteros. The record reflects that during the trial he was Rivera-Donate's retained counsel and during the appeal he was Petitioner's court-appointed counsel.

that the evidence against him was not strong and that the plea offer of approximately twelve (12) years was unreasonable because Petitioner did not have a prior record. Based on those reasons, Petitioner alleged that his attorney advised him to reject the plea. See D.E. 1-1 at p.4.

Rivera-Donate states that he followed his counsel's advice, with unforseen consequences[7]. See D.E. 1-1 at p. 4. Ultimately, Petitioner was found guilty and sentenced to a term of imprisonment of life due to the murder cross reference. Thus, Rivera-Donate concludes that his counsel provided wrong advice and that his sentence should be vacated.

In support of this allegation, Petitioner submitted a Statement Under Penalty of Perjury signed by his former attorney Jorge Armenteros. See D.E. 1-1 at p. 30. In said statement attorney Armenteros attests to the following:

> I advised Mr. Rivera-Donate that the murder of Luis Torres Acevedo could not be used for sentencing purposes as it was part of a different conspiracy. I advised him that independently of the District Court's decision that it would not hold scrutiny at the appeal level.
> I advised him that the offer of 12 ½ years was unreasonable as he did not have prior convictions and the Court sentence should be around the same time.

See D.E. 1-1 at p. 30.

---

[7] It is a well settled principle that any defendant who wishes to plead guilty pursuant to a plea agreement entered into with the government must accept his guilt and accept responsibility for the crimes charged against him, United States v. Deppe, 509 F.3d 54, (Mass. 2007). A review of the record, particularly the Sentencing Hearing transcript, leaves much doubt as to Rivera-Donate's willingness to accept responsibility. In Petitioner's allocution before the court he denied on various occasions his participation and role in the drug trafficking organization: "But I have never made the mistakes at the level that they have been stated here in this courtroom." (Sentencing Hrg. Transcript at p. 29, October 10, 2008). "He knows [referring to God] that I am not a hit man nor have I ever participated in anything like this." (Sentencing Hrg. Transcript at p. 30, October 10, 2008). "...[B]ecause by being accused of such a serious act, without my being capable of doing something like that, people look at you differently...I'm not that type of person." (Sentencing Hrg. Transcript at p. 30, October 10, 2008). These statements made by Petitioner before the imposition of his sentence are not consistent with an individual who was going to accept a plea offer; accept his responsibility as an enforcer and assume the consequences of his actions. The Court further notes that all of Petitioner's filing before this Court lack any glimpse of remorse. At no time does he accept his participation in the crimes for which he was convicted of. Petitioner's own words and action make less plausible Rivera-Donate's claim that he would have accepted the plea offer tendered.

Defendant's Sixth Amendment right to counsel extends to the plea bargaining process. Lafler v. Cooper, 132 S.Ct. 1376 (2012) (citing Missouri v. Frye, 132 S.Ct. 1399 (2012)). The Supreme Court has made it clear that "during plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" Lafler, 132 S.Ct. at 1384 (citing McMann v. Richardson, 397 U.S. 759, 771 (1970)). In Hill v. Lockhart, 474 U.S. 52 (1985) the Court held that "the two part *Strickland* test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill, 474 U.S. at 57.

"A defense attorney in a criminal case has the duty to advise his client fully on whether a particular plea to a charge appears to be desirable." United States v. Gonzalez-Vazquez, 219 F.3d 37, 41 (1st Cir. 2000)(citing Boria v. Keane, 99 F.3d 492, 496 (2nd Cir. 1996)). However, the decision to plead guilty must ultimately be left to a client's wishes. Boria, 99 F.3d at 496-497.

The record in this case establishes that contrary to Rivera-Donate's allegation, he was aware of his sentencing exposure since the early stages of the case. At Petitioner's initial appearance, he was informed of the charges brought against him and was made aware of the possibility of a sentence of a minimum of ten (10) years and a maximum of life imprisonment. Furthermore, on June 12, 2006, Petitioner's detention hearing was held. At said hearing the government proffered for the court River-Donate's participation in this case; his role as an enforcer and alluded to the state charges that included the murder of Luis Torres-Acevedo[8] (Crim. D.E. 374).

In addition, on June 13, 2006, the Court issued its order of detention pending trial as to Rivera-Donate. The written determination of detention expressed the following: "The government proffers that the defendant is an enforcer in this large organization. The defendant faces stiff penalties, up to life imprisonment, if convicted, due in part to a 3/13/2005 drug related

---

[8] Contrary to what Petitioner would like this Court to believe, he was not acquitted of the charges against him in the Commonwealth courts. See Crim. D.E. 373 in Case No. 05-417(PG). In fact, the state murder charge against him was "dropped because the preliminary hearing was not held within 60 days of arrest." Id. Thus, Petitioner's suggestion that the Commonwealth prosecutors were not able to prove his participation in the murder of Luis Torres Acevedo is misleading.

killing." (Crim. D.E. 373 at p.1). Hence, the record clearly establishes that, at a minimum, Rivera-Donate was made aware of his sentencing exposure on at least three (3) separate occasions.

As to Petitioner's allegation that attorney Armenteros based his recommendation of rejection of the plea offer on an incorrect legal principle, Petitioner is mistaken. The record clearly indicates that from the onset of the case counsel Armenteros argued that the murder of Luis Torres-Acevedo was inadmissible because it was related to a separate conspiracy[9]. That was an integral part of his strategic trial/defense strategy. Mr. Armenteros made an evaluation of the evidence at the time and chose what deemed to be the best course of action based on what he had before him[10]. His duty towards Rivera-Donate was to inform him of the plea offer and to provide legal advice based on the facts at hand. Nothing in Petitioner's averments evidences that Armenteros did not discharge this duty.

In fact, the final decision as to whether to accept the plea or proceed to trial rested on Rivera-Donate's shoulders. On October 22, 2007, counsel Armenteros filed a motion requesting that the Court order MDC to allow a "special visit" from Petitioner's parents. The motion stated that Rivera-Donate had been tendered a plea offer "which is substantial in number of years (minimum of 10 years)." (Crim. D.E.1159 at p.1). Since Rivera-Donate had lost the privilege of social visits, attorney Armenteros requested that the Court order one for the sole purpose of discussing the offer with his parents. Armenteros stated "the magnitude of the decision is life making and merits a special visit. In order for Mr. Rivera-Donate to consider the offers made by the government it is imperative that he be afforded some time to discuss said offers with his parents."

---

[9] Armenteros argued this in two separate motions to strike overt act twenty seven (27), (Crim. D.E. 738,1241). He argued it in his motion to dismiss indictment (Crim. D.E. 1248), in a motion for exclusion of testimony (Crim. D.E. 1245), and in a motion under Rule 29 and for a new trial (Crim.D.E. 1405).

[10] The record indicates that there was no physical evidence tying Petitioner to the murder of Luis Torres-Acevedo. The trial transcripts reviewed by this Court clearly establish that the evidence against Rivera-Donate was presented by the testimony of cooperators, hence it was up to the jury to determine their credibility. Based on the trial transcripts and the record in this case, attorney Armenteros' strategy of multiple conspiracies was a plausible one.

(Crim.D.E. 1159 at p. 1).

Clearly Rivera-Donate had the final say, as it should be, on whether to accept or reject the plea offer. There is no doubt that it was a decision he considered thoroughly and even attempted to consult with those close to him, his parents. It is further worth noting, that contrary to Petitioner's claim that he was told by attorney Armenteros to reject the plea and go to trial, attorney Armenteros' Statement Under Penalty of Perjury states that he advised Petitioner that the offer of twelve and a half years was unreasonable (Crim. D.E. 1-1 at p. 30).

There is a marked difference between giving a client a recommendation based on a wrong legal principle and choosing what turns out to be a misguided strategy. The latter, much like in the case of Rivera-Donate, does not constitute ineffective assistance of counsel. "It is well established that tactical decisions by trial counsel, even if ill-advised, do not by themselves constitute ineffective assistance of counsel." Rivera v. State, 58 A.3d 171, 181(R.I. 2013). Counsel Armenteros' strategy, given what he knew at the time, was not manifestly unreasonable. Therefore, it does not rise to the level of being ineffective assistance of counsel.

Finally, Petitioner has failed to show an additional important element for his claim to proceed. Assuming that this Court were to determine that attorney Armenteros' legal advice constituted ineffective assistance of counsel, Rivera-Donate must show that the court would have accepted the terms of the plea agreement. Lafler, 132 S.Ct. at 1385. "It is, of course, true that defendants have 'no right to be offered a plea...nor a federal right that the judge accept it.'" Lafler, 132 S.Ct. 1387(quoting Frye, 132 S.Ct. at 1388-1389). Petitioner has failed to address this prong.

For the reasons previously stated, Rivera-Donate's first allegation of ineffective assistance of counsel as it relates to his plea offer and sentence exposure is denied.

### B. Appellate counsel rendered ineffective assistance for failing to raise a non-frivolous claim that the district court committed legal error at sentencing

Petitioner's second allegation of ineffective assistance of

counsel is based on Rivera-Donate's misinformed theory that the sentencing court erred in imposing his sentence. Rivera-Donate alleges that the court erred in not making individual drug quantities findings in order to determine his base offense level. Secondly, Petitioner argues that the sentencing court erred in applying the murder cross reference since the prosecutor at sentencing stated "the murder of Luis Torres Acevedo had 'nothing' to do with this case and had 'nothing' to do with narcotics trafficking." (D.E. 1-1 at p. 15) Rivera-Donate alleged that his appellate counsel (attorney Armenteros) was ineffective in not raising these two non-frivolous errors.

Claims of ineffective assistance of appellate counsel are measured under the *Strickland* standard. Evitts v. Lucey, 469 U.S. 387(1985). Appellate counsel is not required to raise every non-frivolous claim, but rather selects among them to maximize the likelihood of success on the merits. Lattimore v. Dubois, 311 F.3d 46 (1st Cir. 2002). Where appellate counsel is charged with ineffectiveness for failure to raise a particular claim, "it is difficult to demonstrate that counsel was incompetent." Smith v. Robbins, 528 U.S. 259, 288 (2000)(citing Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). To overcome the presumption of competence of appellate counsel, a petitioner must show that the omitted issues were "clearly stronger" than those counsel chose to assert. Id.

Rivera-Donate has not made such a showing. Petitioner's motion lacks any evidence that would lead this Court to believe that these two alleged errors occurred. What is more, Rivera-Donate misrepresents the sentencing record in an attempt to succeed on his claims.[11] His meritless argument warrants no more analysis.

---

[11] For example, Rivera-Donate avers that the prosecutor had admitted that the murder of Luis Torres Acevedo was unrelated to his case. See D.E. 1-1 at page 15. In reality, the prosecutor said the contrary when he expressed:

> Mr. Vazquez: Your, Honor we respectfully submit that based on the evidence presented, both as to the heinous murder of an innocent person, which has nothing to do with this case, had nothing to do with narcotics trafficking, and Mr. Rivera Donate's position as an enforcer which protected the trafficking of over 40 kilos of crack, 40 kilos of cocaine, and five kilos of heroin and 20 kilos of marijuana, clearly put him in the framework for which a sentence of life imprisonment is more than reasonable.

### C. Counsel failed to ensure jurors were properly instructed on multiple conspiracies and/or failed to make a non frivolous claim on appeal that district court committed reversible error

Rivera-Donate's final argument is also frivolous and contrary to the record. Petitioner alleges that the Court did not properly instruct the jury as to their analysis of the evidence and whether it supported the finding on one single conspiracy or multiple conspiracies. He blames counsel Armenteros for not ensuring that the jury was properly instructed.

A review of the trial transcript clearly shows that the jury did in fact receive adequate and proper instructions as to single and multiple conspiracies. See Trial transcript, February 29, 2008, p. 153-154. As such, Rivera-Donate's final allegation of ineffective assistance of counsel is also unavailing.

### D. Evidentiary hearing

Evidentiary hearings in §2255 cases are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. Moreno-Morales v. United Sates, 334 F.3d 140 (1st Cir. 2003). An evidentiary hearing "is not necessary when a section 2255 petition is inadequate on its face, or although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case." United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

The fact is that Rivera-Donate has failed to raise any cognizable issue under §2255. Therefore, Petitioner's request for an evidentiary hearing is **DENIED**.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner **EDIBERTO RIVERA DONATE**, is not entitled to federal habeas relief on his claims. Accordingly, it is ordered that petitioner **EDIBERTO RIVERA-DONATE'S** request for habeas relief under 28 U.S.C. Sec. 2255(D.E.1) be **DENIED,** and his Motion to Vacate, Set Aside, or

---

See Sentencing Hrg. Transcript at p. 27-28, October 10, 2008.

Correct Sentence under 28 U.S.C. Sec. 2255 is **DISMISSED WITH PREJUDICE.** Petitioner's request for evidentiary hearing is also **DENIED.**

### IV. CERTIFICATE OF APPEALABILTY

For the reasons previously stated the Court hereby denies Petitioner's request for relief pursuant to 28 U.S.C. §2255. It is further ordered that no certificate of appealability should be issued in the event that Petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. 2253(c)(2).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 21st of August 2015.

**S/JUAN M. PÉREZ-GIMÉNEZ**
**JUAN M. PÉREZ-GIMÉNEZ**
**UNITED STATES DISTRICT JUDGE**